RAYMOND L. RAUB, PLAINTIFF-RESPONDENT, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, DEFENDANT-APPELLANT.

Argued October 15, 1940—Decided January 28, 1941.

For the plaintiff-respondent, *John H. Pursel* and *Robert Carey, Jr.*

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markley,* and *Louis W. Dawson,* of the New York bar, of counsel).

The opinion of the court was delivered by

HAGUE, J. This is an appeal from a judgment for the plaintiff entered upon a jury verdict in the Supreme Court Circuit of Warren county. The plaintiff sued to recover disability benefits to which he claimed to be entitled under two life insurance policies issued by the defendant corporation. The contracts of insurance owned by the plaintiff con-

tain a disability clause and each of said clauses is identical. The plaintiff sought the amount of the monthly disability sums provided in each contract, *i. e.,* $100 per month, for a six-month period, totaling the sum of $1,200. In a second count he claimed to be entitled to receive in addition the sum of $88.20 a premium which he paid under protest at a time when he was suffering a total and permanent disability, within the meaning of that term as expressed in the contract of insurance.

The policy issued by the defendant insurance company to the plaintiff bound it to pay certain sums in the event the insured, through accident or sickness, became totally, permanently disabled before reaching the age of sixty years. The plaintiff was a farmer and dairyman and in October, 1928, while he was endeavoring to wean a calf, he was thrown against a stall in the barn as a result of which he suffered injury in the spine.

The defendant company, under the terms of each policy, paid plaintiff the sum of $50 per month for the first five years, and $75 per month for the second five years, and thereafter $100 per month. These payments continued from 1928 up to and included February, 1939. Thereafter the insurance company refused further payment claiming that the insured was no longer totally or permanently disabled under the terms of the policy.

It is first argued that the trial court erred in denying defendant's motion for nonsuit and directed verdict because of the fact that under the testimony for the plaintiff it did not appear that he was totally and permanently disabled in that there was no impairment of mind or body which rendered it impossible for plaintiff to follow a gainful occupation. It unquestionably appears that it was for the jury to determine whether or not the plaintiff could follow his calling as a farmer or dairyman. The plaintiff—it is true—was able to do many things such as going to the bank, tending to incidental chores about the farm, paying the help, keeping accounts, riding in the automobile when milk was delivered to retail trade by his son, and acting as secretary to the local school board. He drove a car at times. But there is evidence

from which it unquestionably appears that since his accident plaintiff has led an entirely different manner of life and been unable to do the things required in his calling as farmer and dairyman, and if he could not, and the jury so found, then under the principles laid down in *Gross* v. *Commercial Casually Insurance Co.*, 90 *N. J. L.* 594; *Doherty* v. *American Employers Insurance Co.*, 112 *Id.* 52, and *Nickolopulos* v. *Equitable*, 113 *Id.* 450, he can recover under the contract.

The second point, namely, that there should have been a nonsuit because of failure to submit proof that he was disabled for the period of time for which this suit is brought is without merit. The insurance company knew, and had notice for the years preceding, that the plaintiff was disabled. He submitted himself to examinations periodically by doctors, at the request of the insurer.

The appellant's third ground for reversal, namely, that the court refused to submit to the jury the third defense "that prior to suit, plaintiff had not submitted proof of his total and permanent disability," likewise has no merit. The learned trial judge held, among other things, when he denied a motion for nonsuit that notice had been given the insurer some ten years prior to the time suit was instituted and that the proof of disability must have been sufficient because the insurer had made payments under the policy for that period. If this was sound—and we think it was—then of course, consistent with that view, the court was right in not submitting to the jury the question of whether the insurer had had notice and proof of disability before the present suit was initiated.

The next argument is directed at the admission of testimony. The question was whether plaintiff did any work after the accident; whether on February 21st, 1939, which is the date on which payment to the insured stopped, plaintiff was able to do any work that he had not done prior thereto. The question was objected to but appellant's counsel stated no reason for his objection at that juncture. The plaintiff answered that there was no change in his physical condition, and appellant's counsel "objected" to the answer on the ground that it was not responsive and was a conclu-

sion. The practice is to move to strike out an answer to a question if it be such that adverse counsel may so move. *State* v. *D'Adame*, 84 *N. J. L.* 386, 390. He was not privileged to object to the answer if it was competent, as we think it was. Over and above that the court addressed several questions to the witness who answered, and this removed any possible fault in the situation.

The point that the court erred in charging the jury likewise has no merit since the instructions were well within the principles laid down in cases mentioned above.

Finally, the charge is attacked as error because the word *"or"* and not *"and"* is used in connection with plaintiff's ability to follow his occupation, or any other. This is what the court said:

"Was the plaintiff * * * so affected by any impairment of mind or body which continuously rendered it impossible for plaintiff, Raub, to follow his occupation, namely, that of a farmer and dairyman, or to follow a gainful occupation for which, by education, training, background and experience he was qualified to follow and which he would reasonably be contemplated to pursue?"

Now is it true that in the report of the Nickolopulos case, *supra*, the word *"and"* is used but we think *"or"* is the better English. The question is one of total disability. The plaintiff claimed to be disqualified either to follow the occupation of dairyman or to follow any other occupation for which he was qualified. In either case there is no difference in the sense, and as a matter of verbal expression, "or" is the better word. We find no harmful error in the points raised for reversal.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.